# EXHIBIT 7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Robert A. Piering, Esq. (SBN 166858)
Piering Law Firm
775 University Avenue
Sacramento, CA 95825
TELEPHONE NO. 916-446-1944   FAX NO. *(Optional)*: 916-446-1222
E-MAIL ADDRESS rob@pieringlawfirm.com
ATTORNEY FOR *(Name)*: Plaintiffs

FILED
FOR COURT USE ONLY
Superior Court Of California,
Sacramento
01/20/2022
ddonkin
By _____ , Deputy
Case Number:
34-2022-00314171

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME: Estate of Anthony Maui Anaya, et al. v.
FCA US, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[X] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 19, 2022

Robert A. Piering, Esq.
_____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | CEB Essential ceb.com Forms | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|---|

FILED
Superior Court Of California,
Sacramento
01/20/2022
(SPACE BELOW FOR FILING STAMP ONLY)
By_____, Deputy
Case Number:
34-2022-00314171

GREENE BROILLET & WHEELER, LLP
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL (310) 576-1200
FAX (310) 576-1220

CHRISTINE D. SPAGNOLI, SBN 126353 (cspagnoli@gbw.law)
MOLLY M. McKIBBEN, SBN 273897 (mmckibben@gbw.law)

PIERING LAW FIRM
775 UNIVERSITY AVENUE
SACRAMENTO, CA 95825
TEL (916) 446-1944
FAX (916) 446-1222

ROBERT A. PIERING, SBN 166858 (rob@pieringlawfirm.com)

Attorneys for ___Plaintiffs_____

SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR

THE COUNTY OF SACRAMENTO

| | |
|---|---|
| ESTATE OF ANTHONY MAUI ANAYA, by and through its Successor in Interest, AMBER JENKINS; AMBER JENKINS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FCA US, LLC, a limited liability company of Delaware; CIMA'S LANDSCAPE & MAINTENANCE, INC., a California corporation; ANTHONY CIMA, an individual; ANTHONY JAMES WALKER, an individual; DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Strict Product Liability – Design/Manufacturing Defects**<br>2. **Negligence – Failure to Warn, Recall and/or Retrofit**<br>3. **Negligence – Design, Manufacturing and Testing**<br>4. **Negligence**<br><br>**DEMAND FOR JURY TRIAL**<br>1. **(Amount in Controversy Exceeds $25,000)** |

COMES NOW, the Plaintiffs, ESTATE OF ANTHONY MAUI ANAYA, by and through

its successor-in-interest, AMBER JENKINS; and AMBER JENKINS, an individual, and for

causes against Defendants, and each of them, complain and alleges as follows:

- 1 -
Complaint for Wrongful Death

Estate.

## GENERAL ALLEGATIONS

1.      Plaintiff ESTATE OF ANTHONY MAUI ANAYA is represented through its successor, AMBER JENKINS, the surviving mother of decedent ANTHONY MAUI ANAYA, who suffered fatal injuries in a vehicular collision and died on August 21, 2021, in Sacramento County, California. AMBER JENKINS is the decedent's successor in interest pursuant to *Code of Civil Procedure* § 377.11, and has declared herself as such, as required by Code of Civil Procedure § 377.32.   At all relevant times herein, AMBER JENKINS was and is a resident of Benton County, Arkansas.

2.      The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.   Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and proximately caused the injuries and damages to Plaintiffs as hereinafter alleged.   Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

3.      Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their codefendants, and were, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

4.      Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendant CIMA'S LANDSCAPE & MAINTENANCE, INC. is and was a California corporation with its principal place of business located in Rancho Cordova, California and is and was doing business in the State of California.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 2 -

Complaint for Wrongful Death

Estate

5.      Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendant ANTHONY CIMA, was and is a resident of County of Sacramento, State of California.

6.      Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants CIMA'S LANDSCAPE & MAINTENANCE, INC., ANTHONY CIMA, and DOES 1 through 50, were and are the owners, lessors, operators, and/or entities/persons having the right to control a 2014 Ford F-150 pickup truck, bearing California License Plate Number 00446S1 (referred to hereinafter as "CIMA TRUCK").

7.      Plaintiffs are required by California law to name ANTHONY JAMES WALKER, who is the father of ANTHONY MAUI ANAYA, as a Nominal Defendant, even though he is in no way liable for the death of ANTHONY MAUI ANAYA.   Should ANTHONY JAMES WALKER choose to assert claims in this action, he would have standing to be a Plaintiff in this matter.  Unless referred to specifically by name or as Nominal Defendant, all other references to Defendants in this complaint exclude ANTHONY JAMES WALKER.

8.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Decedent ANTHONY MAUI ANAYA, was a resident of County of Sacramento, State of California.

9.   Plaintiffs are informed and believe that the 2000 Jeep Grand Cherokee VIN # 1J4G248S8YC312318, which Decedent ANTHONY MAUI ANAYA was operating on August 21, 2021 (referred to hereinafter as the ("SUBJECT VEHICLE") was originally manufactured by DaimlerChrysler Motors Company LLC doing business as the Chrysler Group.  DaimlerChrysler Motors Company LLC changed its name to Chrysler Group LLC in May 2007.  On May 1, 2009, Chrysler Group LLC (hereinafter "OLD CHRYSLER") filed for Chapter 11 bankruptcy reorganization.   On June 10, 2009, Chrysler Group, LLC, (hereinafter "NEW CHRYSLER") purchased of the assets of Old Chrysler.  As part of the Sale Agreement approved by the Bankruptcy Court, NEW CHRYSLER specifically agreed to assume liability for defective products manufactured by its predecessors, including DaimlerChrysler Motors Company LLC d.b.a. the Chrysler Group and the Chrysler Group LLC prior to April 30, 2009 (hereinafter

- 3 -
Complaint for Wrongful Death

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

collectively "OLD CHRYSLER").   In assuming liability for products manufactured by OLD CHRYSLER prior to April 30, 2009, NEW CHRYSLER also assumed the duty to conduct recall campaigns for vehicles manufactured prior to April 30, 2009 by OLD CHRYSLER.

10.   On December 15, 2014, Chrysler Group LLC merged with Fiat S.p.A. and changed its name to FIAT CHRYSLER AUTOMOBILE US LLC (hereinafter "FCA US LLC").   Defendant FCA US LLC is a limited liability corporation organized and existing according to the laws of the State of Delaware, with its principal place of business at 1000 Chrysler Drive, Auburn Hills, MI. FCA US LLC is registered and authorized to do business in the State of California pursuant to California law (Entity #200914610106) and has an authorized agent for service in the state of California.   FCA US, LLC is in the business of designing, developing, testing, manufacturing, marketing, and distributing automobiles and FCA US, LLC and its predecessors, were responsible for the design, marketing, manufacture, and distribution of the SUBJECT VEHICLE.   Plaintiffs further allege that FCA US LLC, and its predecessors distributed and placed vehicles, including the SUBJECT VEHICLE and similar model Jeep Grand Cherokee vehicles in commerce throughout the United States, including within the State of California, with the intention of directing these products to consumers in California.   This Court has specific personal jurisdiction over FCA US LLC for these reasons:

a.  FCA US LLC assumed the responsibility for effectuating recalls and repairs for the SUBJECT VEHICLE and similar Jeep Grand Cherokee vehicles located in the state of California including interacting with dealerships, fielding consumer questions and complaints and sending notices to owners of vehicles sold by its predecessors, including but not limited to its 2015 Customer Satisfaction Campaign N47 to address rear structural reinforcement in Jeep Grand Cherokee model vehicles, including the SUBJECT VEHICLE, manufactured and sold by its predecessor OLD Chrysler;

b.  FCA US LLC ships vehicle parts and accessories to FCA brand dealerships in California and, directly to consumers in California;

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 4 -
**Complaint for Wrongful Death**

Estate

c.   FCA US LLC routinely corresponds directly with California residents with respect to, interalia, recalls, warranty issues and technical service bulletins;

d.   FCA US LLC maintains highly interactive websites on which California residents can communicate directly with FCA US LLC, custom design vehicles, locate new and used Chrysler vehicles, including Jeep Grand Cherokee models manufactured by its predecessor OLD Chrysler, at California dealerships, order parts, obtain financing, address warranty issues and/or otherwise interact with FCA US LLC;

e.   FCA US LLC has been a party in multiple lawsuits where it has come into the courts of California, without claiming a lack of personal jurisdiction, to answer claims about the failures of its products in California;

f.   FCA US LLC has been a party seeking relief or review in numerous cases where it has purposefully availed itself of the jurisdiction of the courts of California by serving as the plaintiff, petitioner, appellant or removing party;

g.   FCA US LLC voluntarily chose to sell its products new and in used condition to be resold from dealer to dealer, transferred from hand to hand and from state to state, including to rental companies that FCA knows have dozens of locations in California and who it knows will, after a brief period of time, resell vehicles into the used car market;

h.   FCA US LLC has a regular plan for the distribution of its products in California with the goal of achieving a commercial benefit from the sale of products in California;

i.   FCA US LLC engages in national marketing of its products that intentionally pervade into the California market;

j.   FCA US LLC targets marketing specific to California;

k.   FCA US LLC contracts with California dealerships to require those dealerships to advertise in California, and FCA shares in the cost of these advertisements for its products;

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 5 -
Complaint for Wrongful Death

l.  FCA US LLC jointly participates in the interactive websites of dozens of FCA dealerships located in California;

m.  FCA US LLC certifies certain mechanics who work at FCA dealerships in California and provides certification training for mechanics who work at FCA dealerships at locations throughout California;

n.  FCA US LLC directs California customers to approved FCA service centers in California for recall work even when vehicles needing such work were originally sold to buyers in states other than California;

o.  FCA US LLC has hundreds of thousands of customers in California and derives significant revenue each year from sales of products in California;

p.  FCA US LLC spends hundreds of thousands of dollars annually marketing its products in California;

q.  FCA US LLC has purposefully availed itself of the privilege and benefits of conducting business in California; and/or its acts and omissions both inside and outside California caused injury within California to California residents.

11.  Plaintiffs are informed and believe and thereupon allege that the SUBJECT VEHICLE at issue was designed, developed, tested, marketed, manufactured, distributed and placed in the stream of commerce by DaimlerChrysler Motors Company LLC, d.b.a. as the Chrysler Group, and subsequently known as the Chrysler Group LLC (hereinafter "CG LLC") which now operates as FCA US LLC.

12.  Plaintiffs are informed and believe that the SUBJECT VEHICLE was initially delivered to Hawaii for sale as a new vehicle to Decedent's grandfather Dwight Llacuna in June, 2000.  Plaintiffs are further informed and believe that Dwight Llacuna relocated from Hawaii to Sacramento, California in or about 2013 and registered the vehicle and obtained title to the vehicle from the State of California on or about November 18, 2014.  Plaintiffs are informed and believe that on or about August 21, 2021, ANTHONY MAUI ANAYA was the driver and occupant of the SUBJECT VEHICLE while traveling westbound on US Highway 50 in the City of Sacramento in Sacramento County, California, when the SUBJECT VEHICLE was struck in the rear by the

- 6 -
Complaint for Wrongful Death

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

1   CIMA TRUCK driven by Defendant ANTHONY CIMA.  As a direct and proximate result of the

2   negligence of Defendants CIMA and CIMA TRUCK and the defective condition of the SUBJECT

3   VEHICLE, and its component parts, the impact into the rear of the SUBJECT VEHICLE resulted

4   in an immediate post-collision fuel fed fire, trapping ANTHONY MAUI ANAYA and resulting in

5   his death as a result of the fire ("SUBJECT INCIDENT").

6                                    **FIRST CAUSE OF ACTION**

7                                    **STRICT PRODUCTS LIABILITY**

8              **(By Plaintiffs ESTATE OF ANTHONY MAUI ANAYA, by and through its**

9            **Successor in Interest, AMBER JENKINS; and AMBER JENKINS individually,**

10                            **As Against Defendants FCA US LLC**

11                                **and DOES 51 to 100, inclusive)**

12          Plaintiffs re-allege and incorporate herein by reference each and every allegation in the

13   preceding paragraphs, as if fully set forth herein.

14          13.  Plaintiffs are informed and believe, and thereupon allege that FCA US LLC f/k/a

15   DaimlerChrysler Motors Company LLC, d.b.a. as the Chrysler Group, and DOES 51 through 100,

16   inclusive, and each of them, by and through their officers, directors, employees and/or managing

17   agents, designed, manufactured, fabricated, assembled, distributed, sold, installed, bought,

18   inspected, tested, serviced, repaired, altered, maintained, marketed, warranted, leased, modified

19   and/or advertised the 2000 Jeep Grand Cherokee ("SUBJECT VEHICLE") including the

20   SUBJECT VEHICLE, intending and expecting that it be used in the manner that it was being used

21   at the time of the SUBJECT INCIDENT.

22          14.  Plaintiffs are further informed and believe, and thereupon allege, that at the time of

23   manufacture and placement into the stream of commerce, the SUBJECT VEHICLE contained

24   design and/or manufacturing defects which presented a serious risk of injury or death from fire in

25   foreseeable rear impacts to persons such as decedent ANTHONY MAUI AYANA and others

26   similarly situated who were intended and/or reasonably foreseeable users, consumers and/or

27   bystanders.  Moreover, the SUBJECT VEHICLE failed to perform as safely as an ordinary

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 7 -

Complaint for Wrongful Death

consumer would expect when utilizing it in an intended, expected and/or reasonably foreseeable manner.

15.   The design and/or manufacturing defects include but are not limited to the location, packaging and placement of the fuel tank and components associated with the fuel system, as well as the structural integrity and structural reinforcement surrounding the fuel system in the SUBJECT MODEL VEHICLE (1999 – 2004 Jeep Grand Cherokee vehicles)  and SIMILAR MODEL VEHICLES manufactured under the same and or similar conditions, and/or utilizing the same or similar components or design features, which provided insufficient protection to the fuel system in foreseeable rear impact crashes, and which have led to numerous underbody vehicle fires in the event of a rear end collision.  The SIMILAR MODEL VEHICLES which contain similar defects include but are not limited to the 1992 – 2001 Jeep Cherokee, the 1993 – 1998 Jeep Grand Cherokee and the 2002-2007 Jeep Liberty vehicles.

16.   The fuel system components and rear structural components of the SUBJECT VEHICLE were in substantially the same condition at the time of the SUBJECT INCIDENT as it was when it left OLD CHRYSLER'S possession or control.

17.   Plaintiffs are informed and believe that when NEW CHRYSLER purchased OLD CHRYSLER'S assets in June 2009, it obtained engineering and testing documents related to the SUBJECT MODEL VEHICLE, as well as information related to the field performance history of the SUBJECT MODEL VEHICLE and similar model vehicles, as well as reports of post-collision fuel fed fires in such vehicles. Between June 2009 and August 21, 2021, FCA US LLC, f/k/a the CHRYSLER GROUP, LLC, and DOES 1 through 100, inclusive and each of them, by and through their officers, directors, employees and/or managing agents, received notice of defects in the SUBJECT MODEL VEHICLE as well as SIMILAR MODEL VEHICLES related to the potential for underbody vehicle fires in rear impact collisions.

18.   After June 10, 2009 and prior to August 21, 2021,   FCA US LLC, f/k/a the CHRYSLER GROUP, LLC, the officers, directors, employees and/or managing agents of Defendants FCA US LLC  f/k/a the CHRYSLER GROUP, LLC and DOES 51 through 100, inclusive and each of them, became aware of the specific manufacturing and design defects in the

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 8 -
Complaint for Wrongful Death

1    SUBJECT VEHICLE and vehicles of the same model as well as the high frequency of vehicle

2    fires and the severity of the risk of injury or death to consumers and users of the SUBJECT

3    MODEL VEHICLE, and SIMILAR MODEL VEHICLES manufactured under the same or similar

4    conditions, and/or utilizing the same or similar components or design features, including, but not

5    limited to the lack of adequate rear structural reinforcement to protect the fuel system.

6        19.   Prior to August 21, 2021, the officers, directors, employees and/or managing agents of

7    FCA US LLC f/k/a the CHRYSLER GROUP, LLC and DOES 51 through 100, inclusive and each

8    of them, knew or should have known that the SUBJECT MODEL VEHICLE, and similar vehicles

9    manufactured under the same or similar conditions, and/or utilizing the same or similar

10   components or design features, were dangerous and defective with the likely result of serious

11   bodily injury and/or death to the users and occupants of such vehicles in the event of a foreseeable

12   rear impact collision resulting in an underbody vehicle fire.

13       20.   As a direct and proximate result of the design and/or manufacturing defects in the

14   SUBJECT VEHICLE, the fuel system of the SUBJECT VEHICLE was damaged upon impact

15   when the vehicle was struck in the rear, thereby causing a release of gasoline that immediately

16   ignited, causing ANTHONY MAUI ANAYA to burn to death from his resulting exposure to

17   flames and smoke from the gasoline fed fire.

18       21.   As a direct and proximate result of the conduct of FCA US LLC f/k/a the CHRYSLER

19   GROUP LLC and DOES 51 through 100, inclusive, the defects in the SUBJECT VEHICLE, and

20   the death of ANTHONY MAUI ANAYA, Plaintiff AMBER JENKINS sustained the loss of love,

21   affection, society, service, comfort, companionship, consortium, financial support, expectations of

22   future support and counseling, solace and moral support, as well as other benefits and assistance

23   from ANTHONY MAUI ANAYA, all to her general damage in a sum in excess of $50,000.00,

24   which will be stated according to proof.

25       22.   As a further direct and proximate result of the conduct of FCA US LLC f/k/a the

26   CHRYSLER GROUP LLC and DOES 51through 100, inclusive, and the defective condition of

27   the SUBJECT VEHICLE, Plaintiff AMBER JENKINS incurred funeral and burial expenses, the

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 9 -
Complaint for Wrongful Death

1  exact amount of which expenses will be stated according to proof, pursuant to *Code of Civil*

2  *Procedure*, section 425.10.

3      23.  That as a direct and proximate result of the conduct of FCA US LLC f/k/a the

4  CHRYSLER GROUP LLC and DOES 51 through 100, inclusive, and the defective condition of

5  the SUBJECT VEHICLE, which was a substantial factor in causing the death of ANTHONY

6  MAUI ANAYA, Plaintiff ESTATE OF ANTHONY MAUI ANAYA was compelled to, and did,

7  employ the services of first responders, ambulances, hospitals, physicians, surgeons, nurses and

8  the like, to care for and treat him, and did incur hospital, medical, professional and incidental

9  expenses, the exact amount of which expenses will be stated according to proof, pursuant to *Code*

10  *of Civil Procedure*, section 425.10.

11      24.  As a further direct and proximate result of the conduct of FCA US LLC f/k/a the

12  CHRYSLER GROUP LLC and DOES 51 through 100, inclusive, and the defective condition of

13  the SUBJECT VEHICLE, Decedent ANTHONY MAUI AYANA survived the collision and was

14  conscious and alive when the SUBJECT VEHICLE became engulfed in flames from the ensuing

15  fuel fed fire. Anthony was unable to get out of the vehicle and sustained extreme pain and

16  suffering while he was trapped, screaming in pain as his body was ultimately consumed by the fire

17  leading to his death.  As a result of this horrific pre-death pain and suffering, the ESTATE OF

18  ANTHONY MAUI AYANA, by and through its successor in interest Amber Jenkins, is entitled to

19  recover for the Decedent's great physical and mental, pain and suffering which occurred prior to

20  his death, in an amount which will be stated according to proof, pursuant to *Code of Civil*

21  *Procedure* Section 425.10.

22  **SECOND CAUSE OF ACTION**

23  **NEGLIGENCE -- FAILURE TO WARN, RECALL, AND/OR RETROFIT**

24  **(By Plaintiffs ESTATE OF ANTHONY MAUI ANAYA, by and through its**

25  **Successor in Interest, AMBER JENKINS; and AMBER JENKINS individually,**

26  **As Against Defendants FCA US LLC**

27  **and DOES 51 to 100, inclusive)**

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 10 -
Complaint for Wrongful Death

1          Plaintiffs re-allege and incorporate herein by reference each and every allegation in the

2   preceding paragraphs, as if fully set forth herein.

3       25.   At the time the SUBJECT VEHICLE was designed, manufactured and placed into the

4   stream of commerce by OLD CHRYSLER and DOES 51 through 100, inclusive, and each of

5   them, it lacked proper warnings and/or contained defective warnings which rendered the

6   SUBJECT VEHICLE dangerous to persons such as decedent ANTHONY MAUI ANAYA and

7   others similarly situated, who were intended, expected and/or reasonably foreseeable users of the

8   vehicle.

9       26.   At all times material hereto, the use of the SUBJECT VEHICLE by ANTHONY

10   MAUI ANAYA was in a manner that was intended, expected, and/or reasonably foreseeable by

11   Defendants.   Operating the SUBJECT VEHICLE involved a substantial danger that was

12   unrecognizable by an ordinary user of the SUBJECT VEHICLE, including decedent ANTHONY

13   MAUI ANAYA.

14       27.   Prior to August 21, 2021, FCA US LLC f/k/a the CHRYSLER GROUP, LLC and

15   DOES 51 through 100, inclusive, and each of them became aware of the propensity for underbody

16   vehicle fires from fuel leaking during rear end collisions involving the SUBJECT MODEL

17   VEHICLE and SIMILAR MODEL VEHICLES manufactured under the same and or similar

18   conditions, and/or utilizing the same or similar components or design features, including the

19   SUBJECT VEHICLE.

20       28.   Plaintiffs are informed and believe that in June 2012, the National Highway Traffic

21   Safety Administration opened a defect investigation involving the SUBJECT MODEL VEHICLE

22   and SIMILAR MODEL VEHICLES.   Thereafter, in June 2013, FCA US LLC f/k/a the

23   CHRYSLER GROUP, LLC issued a safety recall of the 1993 – 1998 model Jeep Grand

24   Cherokees and 2002-2007 Jeep Liberty Vehicles ("RECALL VEHICLES") to reinforce the rear

25   structure of the RECALL VEHICLES to prevent fuel fed fires in rear end impacts.   Thereafter, on

26   August 24, 2015, FCA US LLC issued a customer satisfaction notice (#N47) related to rear

27   structural integrity of the 1999 – 2004 Jeep Grand Cherokee model vehicles, including the

28   SUBJECT MODEL VEHICLE.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 11 -

Complaint for Wrongful Death

29.   After June 10, 2009, Defendant FCA US LLC f/k/a the CHRYSLER GROUP, LLC, and DOES 51 through 100, and each of them, through their officers, directors, employees, managers and agents had a duty to provide adequate warnings to Decedent's grandfather and the owner of the SUBJECT VEHICLE, Dwight Llacuna, and to decedent ANTHONY MAUI ANAYA, the operator of the SUBJECT VEHICLE, and others similarly situated, on how to recognize and appreciate the dangers of the SUBJECT VEHICLE and similar model vehicles.

30.   After June 10, 2009, Defendants FCA US LLC f/k/a the CHRYSLER GROUP, LLC and DOES 51 through 100, and each of them, through their officers, directors, employees, managers and agents, owed a duty to Decedent's grandfather and the owner of the SUBJECT VEHICLE, Dwight Llacuna, and to decedent ANTHONY MAUI ANAYA, the operator of the SUBJECT VEHICLE and other persons similarly situated to use reasonable care in carrying out a recall and/or retrofit of the SUBJECT VEHICLE and its component parts, including, but not limited to the adequate reinforcement of the rear structural integrity of the SUBJECT VEHICLE, and warning registered owners of the SUBJECT VEHICLE about the dangers of underbody vehicle fires of the SUBJECT VEHICLE so that it could be safely used in a manner and for a purpose in which it was manufactured and sold.

31.   After June 10, 2009, Defendants FCA US LLC f/k/a the CHRYSLER GROUP, LLC and DOES 51 through 100, inclusive and each of them, negligently, carelessly and/or recklessly failed to conduct an adequate recall, and failed to give adequate warnings of the dangers associated with the SUBJECT VEHICLE and similar model vehicles to Decedent's grandfather and the owner of the SUBJECT VEHICLE, Dwight Llacuna and to decedent ANTHONY MAUI ANAYA, the operator of the vehicle.  As a direct and proximate result of the Defendant's negligent conduct, the SUBJECT VEHICLE continued to contain design and manufacturing defects and failed to perform as safely as an ordinary consumer would expect when utilizing it in an intended, expected and/or reasonably foreseeable manner.

32.   As a direct and proximate result of the negligent, careless and/or reckless conduct of Defendants FCA US LLC f/k/a the CHRYSLER GROUP, LLC and DOES 51through 100, inclusive and each of them, decedent ANTHONY MAUI ANAYA suffered severe injuries and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

1    subsequently died as a result of a fuel fed fire that occurred when the SUBJECT VEHICLE was

2    involved in a rear impact collision that damaged the fuel system while the vehicle was being used

3    in a reasonably foreseeable manner.

4        33.  The negligence of Defendants FCA US LLC f/k/a the CHRYSLER GROUP, LLC and

5    DOES 51 through 100, and each of them, in failing to warn, recall or retrofit the SUBJECT

6    VEHICLE, was a substantial factor in causing the death of ANTHONY MAUI ANAYA.

7        34.  The negligence of Defendants FCA US LLC f/k/a the CHRYSLER GROUP, LLC and

8    DOES 51 through 100, and each of them, in failing to warn, recall or retrofit the SUBJECT

9    VEHICLE, was a substantial factor in causing Plaintiff AMBER JENKINS to sustain the loss of

10   love, affection, society, service, comfort, companionship, consortium, financial support,

11   expectations of future support and counseling, solace and moral support, as well as other benefits

12   and assistance from ANTHONY MAUI ANAYA, all to their general damage in a sum in excess

13   of $50,000.00, which will be stated according to proof.

14       35.  As a further direct and proximate result of the conduct of these Defendants and the

15   defective condition of the SUBJECT VEHICLE, Plaintiff AMBER JENKINS incurred funeral and

16   burial expenses, the exact amount of which expenses will be stated according to proof, pursuant to

17   *Code of Civil Procedure*, section 425.10.

18       36.  As a further direct and proximate result of the conduct of FCA  US LLC and DOES

19   51 through 100, inclusive, and the defective condition of the SUBJECT VEHICLE, which was a

20   substantial factor in causing the death of ANTHONY MAUI ANAYA, Plaintiff ESTATE OF

21   ANTHONY MAUI ANAYA was compelled to, and did, employ the services of first responders,

22   ambulances, hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did

23   incur hospital, medical, professional and incidental expenses, the exact amount of which expenses

24   will be stated according to proof, pursuant to *Code of Civil Procedure*, section 425.10.

25       37.  As a further direct and proximate result of the FCA US LLC and DOES 51 through

26   100, inclusive, and the defective condition of the SUBJECT VEHICLE, decedent ANTHONY

27   MAUI AYANA survived the collision and was conscious and alive when the SUBJECT

28   VEHICLE became engulfed in flames from the ensuing fuel fed fire. Anthony was unable to get

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 13 -
Complaint for Wrongful Death

Estate

- Case 2:22-cv-00429-WBS-JDP  Document 1-3  Filed 03/07/22  Page 16 of 37

out of the vehicle and sustained extreme pain and suffering while he was trapped, screaming in pain as his body was ultimately consumed by the fire leading to his death. As a result of this horrific pre-death pain and suffering, the ESTATE OF ANTHONY MAUI AYANA, by and through its successor in interest Amber Jenkins, is entitled to recover for the Decedent's great physical and mental, pain and suffering which occurred prior to his death, in an amount which will be stated according to proof, pursuant to *Code of Civil Procedure* Section 425.10.

38. Despite having notice of the inadequacy of its efforts to strengthen the rear structural integrity of the SUBJECT MODEL VEHICLE in 2015, Defendants FCA US LLC f/k/a the CHRYSLER GROUP, LLC and DOES 51 through 100, inclusive and each of them, by and through their officers, directors, employees and/or managing agents, negligently failed thereafter to take adequate steps to recall, retrofit and/or repair the SUBJECT VEHICLE and similar model vehicles, and negligently and unreasonably failed to take adequate steps to issue safety bulletins to the public, or even advise or warn purchasers by providing warnings of the severe risk of injury or death from the defective rear structural integrity causing underbody fuel fires. Although the officers, directors, employees and or managing agents of Defendants FCA US LLC f/k/a the CHRYSLER GROUP, LLC and DOES 51 through 100, inclusive and each of them, were aware as early as June of 2013 of the need to recall, retrofit and/or repair the SUBJECT VEHICLE, and similar model vehicles, and/or to issue public safety bulletins, and/or provide adequate warnings, Defendants FCA US and DOES 51 through 100, inclusive and each of them, through the decisions of their officers, directors, employees and/or managing agents, acted in conscious disregard of the rights and safety of consumers, users and/or bystanders by failing to warn of the hazards of, and failing to conduct a recall of and/or retrofit the SUBJECT VEHICLE prior to the SUBJECT INCIDENT, and still refuse to recall the SUBJECT VEHICLE.

39. Furthermore, despite knowing that its 2015 "Customer Satisfaction Campaign #47" had been inadequate and insufficient in that owners and occupants of the SUBJECT MODEL VEHICLES were still dying as a result of post-collision fuel fed fires, Defendants, by and through their officers, directors, employees, and/or managing agents, continued after June of 2013 and through the present, to knowingly expose consumers, such as decedent ANTHONY MAUI

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 14 -
Complaint for Wrongful Death

1   ANAYA, to an unreasonable risk of injury and/or death.  After June 2013, the officers, directors,

2   employees and/or managing agents of FCA US LLC f/k/a the CHRYSLER GROUP, LLC and

3   DOES 51 through 100, inclusive, were aware of and consciously disregarded the safety of

4   consumers who were owners of vehicles such as the SUBJECT VEHICLE, and failed to issue a

5   recall of the SUBJECT MODEL VEHICLE.  As a direct and proximate result of the conduct of

6   the Defendants, FCA US LLC f/k/a the CHRYSLER GROUP, LLC, Plaintiff THE ESTATE OF

7   ANTHONY MAUI ANAYA suffered the injuries and damages  alleged and is entitled to an award

8   of punitive damages pursuant to *Civil Code* section 3294, in an amount sufficient to punish these

9   Defendants in light of their financial condition, and to make an example of them.

10              **THIRD CAUSE OF ACTION**

11      **NEGLIGENCE – DESIGN, MANUFACTURE, AND TESTING**

12      **(By Plaintiffs ESTATE OF ANTHONY MAUI ANAYA, by and through Its**

13      **Successor In Interest, AMBER JENKINS; and AMBER JENKINS individually,**

14              **As Against Defendants FCA US LLC**

15              **and DOES 51 to 100, inclusive)**

16          Plaintiffs re-allege and incorporate herein by reference each and every allegation in the

17   preceding paragraphs, as if fully set forth herein.

18          40.  At all times mentioned herein, OLD CHRYSLER and DOES 1 through 100, and each

19   of them, and their officers, directors, employees and/or managing agents, were engaged in the

20   business of, and had a duty to design, manufacture and test the 2000 Grand Jeep Cherokee,

21   including the SUBJECT VEHICLE, and each and every component part thereof, including, but

22   not limited to the rear structural reinforcement, and similar vehicles manufactured under the same

23   and or similar conditions, and/or utilizing the same or similar components or design features in a

24   reasonable manner, and which Defendants, and each of them, knew, or in the exercise of

25   reasonable care, should have known would be used without inspection and/or testing for defects in

26   its design, manufacture, parts and/or mechanisms.

27          41.  At all times mentioned herein, OLD CHRYSLER and Defendants FCA US LLC f/k/a

28   the CHRYSLER GROUP, LLC and DOES 51 through 100, inclusive, and each of them, by and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 15 -

1   through their officers, directors, employees and/or managing agents, negligently, recklessly and/or

2   carelessly designed, manufactured and tested the 2000 Grand Jeep Cherokee, including the

3   SUBJECT VEHICLE, and each and every component part thereof, including, but not limited to

4   the rear structural reinforcement, and similar vehicles manufactured under the same and or similar

5   conditions, and/or utilizing the same or similar components or design features, which Defendants

6   knew or should have known at the time of sale were causing, and in fact, did cause personal

7   injuries and death to consumers thereof while being used in a manner reasonably foreseeable,

8   thereby rendering the same unsafe and dangerous for use by the consumers, users and/or

9   bystanders.

10       42.   Plaintiffs are informed and believe, and thereupon allege, that on or August 21, 2021,

11   the SUBJECT VEHICLE was being operated in a reasonably foreseeable manner, and that as a

12   direct and proximate result of the negligence of OLD CHRYSLER, for which FCA US LLC has

13   expressly assumed liability, and DOES 51 through 100, inclusive, and each of them, as

14   ANTHONY MAUI ANAYA was operating the SUBJECT VEHICLE on US Highway 50

15   westbound in Sacramento, California in a reasonably foreseeable manner, the lack of any adequate

16   rear structural reinforcement led to an underbody fuel fed fire that ultimately caused the death of

17   ANTHONY MAUI ANAYA. The negligence of OLD CHRYSLER was a substantial factor in

18   causing the death of ANTHONY MAUI ANAYA, for which Defendant FCA US LLC f/k/a the

19   CHRYSLER GROUP, LLC FCA US is responsible.

20       43.   The negligence of OLD CHRYSLER, Defendant FCA US LLC f/k/a the CHRYSLER

21   GROUP, LLC FCA US, and DOES 51 through 100, and each of them, in failing to design,

22   manufacture and test the SUBJECT VEHICLE, was a substantial factor in causing Plaintiff

23   AMBER JENKINS to sustain the loss of love, affection, society, service, comfort, companionship,

24   consortium, financial support, expectations of future support and counseling, solace and moral

25   support, as well as other benefits and assistance from ANTHONY MAUI ANAYA, all to her

26   general damage in a sum in excess of $50,000.00, which will be stated according to proof.

27       44.   As a further direct and proximate result of the conduct of these Defendants and the

28   defective condition of the SUBJECT VEHICLE, Plaintiff AMBER JENKINS incurred funeral and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 16 -
Complaint for Wrongful Death

1    burial expenses, the exact amount of which expenses will be stated according to proof, pursuant to

2    *Code of Civil Procedure* section 425.10.

3       45.   That as a direct and proximate result of the conduct of OLD CHRYSLER, Defendant

4    FCA US LLC f/k/a the CHRYSLER GROUP, LLC FCA US, and DOES 51 through 100, and each

5    of them, and the defective condition of the SUBJECT VEHICLE, which was a substantial factor in

6    causing the death of ANTHONY MAUI ANAYA, Plaintiff ESTATE OF ANTHONY MAUI

7    ANAYA was compelled to, and did, employ the services of first responders, ambulances,

8    hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur

9    hospital, medical, professional and incidental expenses, the exact amount of which expenses will

10   be stated according to proof, pursuant to *Code of Civil Procedure*, section 425.10.

11       46.   As a further direct and proximate result of the conduct of OLD CHRYSLER,

12   Defendant FCA US LLC f/k/a the CHRYSLER GROUP, LLC FCA US, and DOES 51 through

13   100, and each of them, inclusive, and the defective condition of the SUBJECT VEHICLE,

14   Decedent ANTHONY MAUI AYANA survived the collision and was conscious and alive when

15   the SUBJECT VEHICLE became engulfed in flames from the ensuing fuel fed fire. Anthony was

16   unable to get out of the vehicle and sustained extreme pain and suffering while he was trapped,

17   screaming in pain as his body was ultimately consumed by the fire, leading to his death.  As a

18   result of this horrific pre-death pain and suffering, the ESTATE OF ANTHONY MAUI AYANA,

19   by and through its successor in interest Amber Jenkins, is entitled to recover for the Decedent's

20   great physical and mental, pain and suffering which occurred prior to his death, in an amount

21   which will be stated according to proof, pursuant to Code of Civil Procedure Section 425.10.

22

23                      **FOURTH CAUSE OF ACTION**

24                           **NEGLIGENCE**

25      **(By Plaintiffs ESTATE OF ANTHONY MAUI ANAYA, by and through its**

26            **Successor in Interest, AMBER JENKINS**

27    **As Against Defendants CIMA'S LANDSCAPE & MAINTENANCE, INC.,**

28        **ANTHONY CIMA, and DOES 1 to 50, inclusive)**

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

1    Plaintiffs re-allege and incorporate herein by reference each and every allegation statement

2    contained in the above paragraphs.

3    47. That on or about August 21, 2021 at approximately 7:48 a.m., Defendant ANTHONY

4    CIMA, was operating the CIMA TRUCK (identified in paragraph 6, above) westbound on US

5    Highway 50 in the course and scope of his employment with Defendant CIMA'S LANDSCAPE

6    & MAINTENANCE, INC. and DOES 1 through 50, inclusive.

7    48. That at said time and place, defendants ANTHONY CIMA and DOES 1 through 50,

8    inclusive and each of them, so negligently and carelessly owned, maintained, entrusted, repaired,

9    controlled and/or operated the CIMA TRUCK and each and every component part thereof, so as to

10   directly, proximately and legally cause or contribute to the SUBJECT INCIDENT in which

11   decedent ANTHONY MAUI ANAYA suffered severe injuries and ultimately death.

12   49. That as a direct and proximate result of the negligent conduct of Defendants

13   ANTHONY CIMA, CIMA'S LANDSCAPE & MAINTENANCE, INC., and DOES 1 through 50,

14   inclusive, and the defective condition of the SUBJECT VEHICLE, which was a substantial factor

15   in causing the death of ANTHONY MAUI ANAYA, Plaintiff ESTATE OF ANTHONY MAUI

16   ANAYA was compelled to, and did, employ the services of first responders, ambulances,

17   hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur

18   hospital, medical, professional and incidental expenses, the exact amount of which expenses will

19   be stated according to proof, pursuant to *Code of Civil Procedure*, section 425.10.

20   50. As a further direct and proximate result of the negligent conduct of Defendants

21   ANTHONY CIMA, CIMA'S LANDSCAPE & MAINTENANCE, INC., and DOES 1 through 50,

22   inclusive, and the defective condition of the SUBJECT VEHICLE, Decedent ANTHONY MAUI

23   AYANA survived the collision and was conscious and alive when the SUBJECT VEHICLE

24   became engulfed in flames from the ensuing fuel fed fire. Anthony was unable to get out of the

25   vehicle and sustained extreme pain and suffering while he was trapped, screaming in pain as his

26   body was ultimately consumed by the fire, leading to his death. As a result of this horrific pre-

27   death pain and suffering, the ESTATE OF ANTHONY MAUI AYANA, by and through its

28   successor in interest Amber Jenkins, is entitled to recover for the Decedent's great physical and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 18 -
Complaint for Wrongful Death

Estate

1  mental, pain and suffering which occurred prior to his death, in an amount which will be stated

2  according to proof, pursuant to Code of Civil Procedure Section 425.10.

3

4      WHEREFORE, Plaintiff AMBER JENKINS, individually prays judgment against

5  Defendant FCA US LLC and Does 51 – 100, and each of them, as follows:

6      1.      For general damages for loss of love, affection, care, society, service, comfort,

7  support, right to support, companionship, solace or moral support, expectations of future support

8  and counseling, as well as other benefits and assistance of decedent ANTHONY MAUI AYANA,

9  which will be stated according to proof, which sum is in excess of Fifty Thousand Dollars

10  ($50,000.00);

11      2.      For funeral and burial expenses, according to proof;

12      3.      For prejudgment interest, according to proof;

13      4.      For damages for Plaintiff's other economic losses, according to proof;

14      5.      For pre-trial interest, according to proof;

15      6.      For such other and further relief as this Court may deem just and proper.

16

17      WHEREFORE, Plaintiff the ESTATE OF ANTHONY MAUI AYANA, by and through its

18  Successor in Interest, AMBER JENKINS, prays judgment against all defendants, and each of

19  them, as follows:

20      1.      For general damages for Decedent's pre-death pain and suffering in an amount in

21  excess of Fifty Thousand Dollars ($50,000.00), according to proof and in accordance with

22  California *Code of Civil Procedure* section 425.10.

23      2.      For damages for Plaintiff's other economic losses, according to proof;

24      3.      For punitive damages against Defendants FCA US LLC and DOES 51 through 100,

25  inclusive, on the Second Cause of Action for Negligence, in an amount sufficient to punish and/or

26  set an example of them;

27      4.      For interest, according to proof;

28      5.      For costs of suit incurred herein; and,

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 19 -
**Complaint for Wrongful Death**

6.      For such other and further relief as the Court may deem just and proper.

DATED: January 18, 2022                    GREENE BROILLET & WHEELER, LLP


                                           _____
                                           Christine D. Spagnoli
                                           Molly M. McKibben
                                           Attorneys for Plaintiffs


DATED: January 18, 2022                    PIERING LAW FIRM


                                           _____
                                           Robert A. Piering
                                           Attorneys for Plaintiffs

Estate

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

## DEMAND FOR TRIAL BY JURY

Plaintiffs THE ESTATE OF ANTHONY MAUI AYANA, by and through its successor-in-interest AMBER JENKINS, and AMBER JENKINS, individually, hereby demand trial of all causes of action by jury.

DATED: January 18, 2022                    GREENE BROILLET & WHEELER, LLP

Christine D. Spagnoli
Molly M. McKibben
Attorneys for Plaintiffs

DATED: January 18, 2022                    PIERING LAW FIRM

Robert A. Piering
Attorneys for Plaintiffs

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

Estate

- 21 -
Complaint for Wrongful Death

# SUMMONS
*(CITACIÓN JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
See Attachment form Sum-100(A)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ESTATE OF ANTHONY MAUI ANAYA, by and through its Successor
in Interest; AMBER JENKINS; AMBER JENKINS, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California
Sacramento
01/21/2022
ddonkin
By _____ , Deputy

**Case Number:**
**34-2022-00314171**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Sacramento Superior Court
720 Ninth Street
Sacramento CA 95814

| CASE NUMBER: *(Número del Caso).* |
|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Piering, Esq.  (SBN 166858)
Piering Law Firm, 775 University Ave. Sac, CA 95825
T:(916) 446-1944 / F:(916) 446-1222

| DATE: *(Fecha)* | JAN 2 1 2022 | Clerk, by *(Secretario)* | D. DONKIN | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   FCA US, LLC, a limited liability company of Delaware

3. ☑ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 2-4-22

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]     CEB Essential Forms  ceb.com     **SUMMONS**     Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Jenkins, Amber

| SHORT TITLE: Estate of Anaya, et al v. FCA US, LLC, et al | CASE NUMBER: 34-2022-0081417 |
| --- | --- |

### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

Attachment to Sum-100

FCA US, LLC, a limited liability company of Delaware; CIMA'S LANDSCAPE & MAINTENANCE, INC., a California corporation; ANTHONY CIMA, an individual; ANTHONY JAMES WALKER, an individual; DOES 1 through 100, inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
ceb.com  Essential Forms

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**          Jenkins, Amber



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

For Court Use Only

PETITIONER/PLAINTIFF :  Estate of Anthony Maui Anaya et.al.

RESPONDENT/DEFENDANT: FCA US, LLC et.al.

**ORDER RE: DELAY IN SCHEDULING
INITIAL CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
34-2022-00314171

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations.  Among the affected operations is the Court's Case Management Program (CMP).  The Court's CMP calendars have been and remain suspended until further notice.  After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint


RICHARD K. SUEYOSHI

Dated: 01/20/2022

_____
Richard K. Sueyoshi, Judge of the Superior Court

CIV-050

- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Robert A. Piering (SBN 166858) Piering Law Firm 775 University Ave. Sacramento, CA 95825 | (916)446-1944 (916)446-1222 | |

ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

PLAINTIFF: Estate of Anthony Maui Anaya, et al.
DEFENDANT: FCA US, LLC, et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 34-2022-00314171 |
|---|---|

To *(name of one defendant only)*: Anthony Cima
Plaintiff *(name of one plaintiff only)*: Estate of Anthony Maui Anaya
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| 1. General damages | | |
| a. [X] Pain, suffering, and inconvenience | ..................... | $ 5,000,000 |
| b. [ ] Emotional distress | ..................... | $ |
| c. [ ] Loss of consortium | ..................... | $ |
| d. [ ] Loss of society and companionship *(wrongful death actions only)* | ..................... | $ |
| e. [ ] Other *(specify)* | ..................... | $ |
| f. [ ] Other *(specify)* | ..................... | $ |
| g. [ ] Continued on Attachment 1.g. | | |
| 2. Special damages | | |
| a. [ ] Medical expenses *(to date)* | ..................... | $ |
| b. [ ] Future medical expenses *(present value)* | ..................... | $ |
| c. [ ] Loss of earnings *(to date)* | ..................... | $ |
| d. [ ] Loss of future earning capacity *(present value)* | ..................... | $ |
| e. [ ] Property damage | ..................... | $ |
| f. [ ] Funeral expenses *(wrongful death actions only)* | ..................... | $ |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | ..................... | $ |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | ..................... | $ |
| i. [ ] Other *(specify)* | ..................... | $ |
| j. [ ] Other *(specify)* | ..................... | $ |
| k. [ ] Continued on Attachment 2.k. | | |

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $ _____ when pursuing a judgment in the suit filed against you.

Date: 2/2/22

Robert A. Piering, Esq.
_____
(TYPE OR PRINT NAME)

*(Signature)*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB Essential Forms
ceb.com

Jenkins, Amber

CIV-050

| | |
|---|---|
| PLAINTIFF: Estate of Anthony Maui Anaya, et al. | CASE NUMBER: |
| DEFENDANT: FCA US, LLC, et al. | 34-2022-00314171 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently In charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
              (SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
              (SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

Code of Civil Procedure, §§ 425.11, 425.115

CEB Essential ceb.com Forms

Jenkins, Amber

*- DO NOT FILE WITH THE COURT -*
*° UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Robert A. Piering (SBN 166858) Piering Law Firm 775 University Ave. Sacramento, CA 95825 | (916)446-1944 (916)446-1222 | |

ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

PLAINTIFF: Estate of Anthony Maui Anaya, et al.
DEFENDANT: FCA US, LLC, et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 34-2022-00314171 |
|---|---|

To *(name of one defendant only)*: CIMA's Landscape & Maintenance, INC.
Plaintiff *(name of one plaintiff only)*: Estate of Anthony Maui Anaya
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. **General damages**
   a. [X] Pain, suffering, and inconvenience.................................................................$ 5,000,000
   b. [ ] Emotional distress..................................................................................$ _____
   c. [ ] Loss of consortium.................................................................................$ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ...............$ _____
   e. [ ] Other *(specify)*...................................................................................$ _____
   f. [ ] Other *(specify)*...................................................................................$ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ ] Medical expenses *(to date)* ...................................................................$ _____
   b. [ ] Future medical expenses *(present value)*...............................................$ _____
   c. [ ] Loss of earnings *(to date)* ....................................................................$ _____
   d. [ ] Loss of future earning capacity *(present value)* ......................................$ _____
   e. [ ] Property damage...................................................................................$ _____
   f. [ ] Funeral expenses *(wrongful death actions only)*......................................$ _____
   g. [ ] Future contributions *(present value)* *(wrongful death actions only)* ...........$ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)*...$ _____
   i. [ ] Other *(specify)* ....................................................................................$ _____
   j. [ ] Other *(specify)* ....................................................................................$ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*  $ _____
   when pursuing a judgment in the suit filed against you.

Date: 2/2/22

Robert A. Piering, Esq.
(TYPE OR PRINT NAME)

(Proof of service on reverse)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB® | Essential
ceb.com | Forms

Jenkins, Amber

Case 2:22-cv-00429-WBS-JDP Document 1-3 Filed 03/07/22 Page 30 of 37

| PLAINTIFF: Estate of Anthony Mati Anaya, et al. | CASE NUMBER |
|---|---|
| DEFENDANT: FCA US, LLC, et al. | 34-2022-00314171 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1.  I served the
    a. ☐ Statement of Damages   ☐ Other *(specify)* :

    b. on *(name)* :
    c. by serving   ☐ defendant   ☐ other *(name and title or relationship to person served)*:

    d. ☐ by delivery   ☐ at home   ☐ at business
       (1) date:
       (2) time:
       (3) address:

    e. ☐ by mailing
       (1) date:
       (2) place:

2.  Manner of service *(check proper box)* :
    a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
    b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
    c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

    d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*

    e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

    f. ☐ **Other** *(specify code section)* :
       ☐ additional page is attached.
3.  At the time of service I was at least 18 years of age and not a party to this action.
4.  Fee for service: $
5.  Person serving:
    a. ☐ California sheriff, marshal, or constable
    b. ☐ Registered California process server
    c. ☐ Employee or independent contractor of a registered California process server
    d. ☐ Not a registered California process server
    e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

    f.  Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▷ _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▷ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

CEB Essential Forms
ceb.com

Jenkins, Amber

CIV-050

DO NOT FILE WITH THE COURT.
UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Robert A. Piering (SBN 166858) Piering Law Firm 775 University Ave. Sacramento, CA 95825 | (916)446-1944 (916)446-1222 | |

ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

PLAINTIFF: Estate of Anthony Maui Anaya, et al.
DEFENDANT: FCA US, LLC, et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 34-2022-00314171 |
|---|---|

To *(name of one defendant only):* FCA US, LLC
Plaintiff *(name of one plaintiff only):* Amber Jenkins
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| 1. **General damages** | | |
| a. ☐ Pain, suffering, and inconvenience | | $ |
| b. ☐ Emotional distress | | $ |
| c. ☐ Loss of consortium | | $ |
| d. ☒ Loss of society and companionship *(wrongful death actions only)* | | $ 5,000,000 |
| e. ☐ Other *(specify)* | | $ |
| f. ☐ Other *(specify)* | | $ |
| g. ☐ Continued on Attachment 1.g. | | |
| 2. **Special damages** | | |
| a. ☐ Medical expenses *(to date)* | | $ |
| b. ☐ Future medical expenses *(present value)* | | $ |
| c. ☐ Loss of earnings *(to date)* | | $ |
| d. ☐ Loss of future earning capacity *(present value)* | | $ |
| e. ☐ Property damage | | $ |
| f. ☐ Funeral expenses *(wrongful death actions only)* | | $ |
| g. ☐ Future contributions *(present value) (wrongful death actions only)* | | $ |
| h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* | | $ |
| i. ☐ Other *(specify)* | | $ |
| j. ☐ Other *(specify)* | | $ |
| k. ☐ Continued on Attachment 2.k. | | |

3. ☐ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*   $
when pursuing a judgment in the suit filed against you.

Date: 2/2/22

Robert A. Piering, Esq.
(TYPE OR PRINT NAME)

▶ (Proof of service on reverse)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 (Rev. January 1, 2007)

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB · Essential Forms
ceb.com

Jenkins, Amber

PLAINTIFF:

DEFENDANT: FCA US, LLC, et al.

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)*:

   b. on *(name)*:
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
                    (SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
                    (SIGNATURE)

CIV-050 [Rev. January 1, 2007]

**PROOF OF SERVICE**
(Statement of Damages)

Page 2 of 2
Code of Civil Procedure, §§ 425.11, 425.115

Jenkins, Amber

CEB® | Essential
ceb.com | Forms

- DO NOT FILE WITH THE COURT -
- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Robert A. Piering (SBN 166858) Piering Law Firm 775 University Ave. Sacramento, CA 95825 | (916)446-1944 (916)446-1222 | |

ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

PLAINTIFF: Estate of Anthony Maui Anaya, et al.
DEFENDANT: FCA US, LLC, et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 34-2022-00314171 |
|---|---|

To (name of one defendant only): FCA US, LLC
Plaintiff (name of one plaintiff only): Estate of Anthony Maui Anaya
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience........................................................ $ 5,000,000
   b. [ ] Emotional distress................................................................................ $ _____
   c. [ ] Loss of consortium............................................................................... $ _____
   d. [ ] Loss of society and companionship (wrongful death actions only) ........... $ _____
   e. [ ] Other (specify)...................................................................................... $ _____
   f. [ ] Other (specify)...................................................................................... $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ ] Medical expenses (to date)................................................................... $ _____
   b. [ ] Future medical expenses (present value)............................................... $ _____
   c. [ ] Loss of earnings (to date) .................................................................... $ _____
   d. [ ] Loss of future earning capacity (present value) ..................................... $ _____
   e. [ ] Property damage.................................................................................. $ _____
   f. [ ] Funeral expenses (wrongful death actions only)..................................... $ _____
   g. [ ] Future contributions (present value) (wrongful death actions only) ......... $ _____
   h. [ ] Value of personal service, advice, or training (wrongful death actions only)... $ _____
   i. [ ] Other (specify) .................................................................................... $ _____
   j. [ ] Other (specify) .................................................................................... $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify) $ _____
   when pursuing a judgment in the suit filed against you.

Date: 2/2/22

Robert A. Piering, Esq.
(TYPE OR PRINT NAME)

(Proof of service on reverse)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
OEB | Essential
ceb.com | Forms

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Jenkins, Amber

PLAINTIFF: Anthony Maul Araya

DEFENDANT: FCA US, LLC, et al.

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f.  Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▷ _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▷ _____
(SIGNATURE)

CEB® | Essential
ceb.com | Forms

Jenkins, Amber

EXHIBIT 8

Paul G. Cereghini (#148016)
Daniel B. Goldman (#297238)
BOWMAN AND BROOKE LLP
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
Telephone:     602.643.2300
Facsimile:      602.248.0947
paul.cereghini@bowmanandbrooke.com
daniel.goldman@bowmanandbrooke.com

Neil M. Kliebenstein (#226060)
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA  95110-1364
Telephone:     (408) 279-5393
Facsimile:      (408) 279-5845
neil.kliebenstein@bowmanandbrooke.com

Attorneys for Defendant FCA US LLC

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTHONY MAUI ANAYA, by and through its Successor in Interest, AMBER JENKINS; AMBER JENKINS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US, LLC a limited liability company of Delaware; CIMA'S LANDSCAPE & MAINTENANCE, INC., a California corporation; ANTHONY CIMA, an individual; ANTHONY JAMES WALKER, and individual; DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. <br><br> **VERIFICATION RE COPIES OF ALL PLEADINGS AND OTHER DOCUMENTS FILED IN STATE COURT** |

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), and L.R. 121 and 133, undersigned counsel hereby verifies that the documents attached as Exhibit 7 to FCA US LLC's Notice of Removal are true and complete copies of all pleadings and other documents filed in the state court from which this action has been removed.

///

1

1    Dated: March 7, 2022                    BOWMAN AND BROOKE LLP

2                                            By: /s/ Daniel B. Goldman
3                                                Paul G. Cereghini
                                                 Daniel B. Goldman
4                                                Neil M. Kliebenstein

5                                            Attorneys for Defendant FCA US LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2